CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree with the decision to deny the writ. I write separately to point out that, in my view, the trial court did not abuse its discretion in ruling that Mr. Benson had a right not to testify. Indeed, as pointed out by Judge Tobias in his concurrence in the court of appeal, the petitioners failed to *691 make an offer of proof of evidence or state what that offer would show. La. C.C.P. art. 1636(A) (“When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence.”). As a result, this Court has no evidence upon which to find an abuse of discretion by the trial judge, who has the discretion to manage this summary proceeding by restricting the number of witnesses and repetitive evidence. See La. C.C.P. art. 4547 (“An interdiction proceeding shall be heard summarily — ”); La. C.C.P. art. 1631(A) (“A court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.”).